Jim Hannah, Chief Justice, dissenting. hi respectfully dissent. The majority does a disservice to the bench and the bar when it fails to explain why it has adopted a new test to apply to choice-of-law questions in automobile-insurance-policy cases. In this case, the circuit court followed Arkansas precedent when it applied the choice-of-law rule of lex loci contractus, see Farm Bureau Cas. Ins. Co. v. Craven, 79 Ark. App. 423, 89 S.W.3d 369 (2002), yet the majority reverses. If Craven is no longer good law, then the majority should (1) explicitly overrule Craven, (2) expressly adopt the significant-relationship test for cases involving automobile-insurance contracts, and (3) reverse and remand this case to the circuit 12court so that the circuit court can conduct a significant-relationship analysis and determine in the first instance whether California law or Texas law applies. Corbin and Danielson, JJ., join.